■ In the Matter of the Claim of FRIEDA CANNIFF, Respondent, v. E. HATCH WILCOX et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and his carrier from a decision of the Workmen's Compensation Board discharging the Special Fund under subdivision 8 of section 15 from liability. On August 30, 1957 claimant, a cleaning woman, sustained a fractured left femur when she fell from a ladder during the course of her employment. Eventually an award was made for 110$\frac{3}{5}$ weeks of protracted temporary total disability and for permanent partial disability for a 20% loss of use of the left leg. The propriety of this award is not here disputed, nor was it disputed before the board, nor is the fact that the employer had knowledge of a long standing pre-existing condition involving the same leg. The sole question is

whether there is substantial evidence to uphold the board's finding that "the evidence fails to establish that the pre-existing permanent physical impairment added to the work injury resulted in a combined permanent disability materially and substantially greater than the injury of August 30, 1957 alone would have caused." It is sufficient to point out that Dr. vom Saal, the carrier's own witness, testified specifically that such was the case. While it may seem inconsistent for the board to acknowledge a 20% permanent loss of use and at the same time base its decision on the issue here involved on Dr. vom Saal's opinion that claimant had returned to *status quo ante* insofar as the use of the leg is concerned, it must be remembered as previously noted that the propriety of the award rendered is not here before us. On the issue here involved the board was free to adopt Dr. vom Saal's testimony of a return to the *status quo ante* albeit inconsistent with the award for permanency. Similarly there would be no liability on the part of the Special Fund for the $110\frac{3}{5}$ weeks of temporary total disability since subdivision 8 of section 15 requires specifically that in measuring liability the disability must be of a permanent character. Furthermore the Fund would not be here liable for any portion of the permanent award since liability attaches only after 104 weeks of permanent disability whereas with a 20% loss of use of the limb the applicable period would be only 57-6/10 weeks. The fact that the total permanent loss of use is 80% is immaterial here since only 20% is subject to an award chargeable to the carrier. Decision affirmed, with costs to the Special Disability Fund. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.